UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW L.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C18-5697-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION AND REMANDING THE CASE**

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred in discounting his testimony; discounting the opinion of examining psychologist Philip Gibson, Ph.D.; discounting the disability rating rendered by the U.S. Department of Veterans Affairs ("VA"); and discounting a statement written by his wife. Dkt. 12 at 2.[1] As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 44 years old; has a GED and one year of college education, as well

---

[1] Plaintiff reiterates arguments pertaining to these four assignments of error in contending that the ALJ erred in assessing his residual functional capacity ("RFC") and in entering step-four findings. Dkt. 12 at 18-19. These issues need not be addressed separately.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING THE CASE - 1

as training in computerized accounting; and has worked as a newspaper delivery driver, retail inventory clerk, and retail electronics sales associate. Tr. 55, 95, 311, 340. In November 2015, he applied for benefits, alleging disability as of July 3, 2014. Tr. 279-82. His application was denied initially and on reconsideration. Tr. 175-77, 185-90. The ALJ conducted hearings in October 2016 and September 2017 (Tr. 41-130), and subsequently found Plaintiff not disabled. Tr. 21-34. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since the alleged onset date.

**Step two:** Plaintiff's lumbar spine degenerative disc disease, scoliosis, and seizure disorder are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform light work with additional limitations: he cannot climb ladders, ropes, or scaffolds. He cannot tolerate exposure to hazards in the workplace, such as moving machinery and unprotected heights. He cannot drive commercially. He can occasionally crawl. He can tolerate occasional exposure to vibration and temperature/humidity extremes.

**Step four:** Plaintiff can perform his past work as a retail sales clerk, and is therefore not disabled.

Tr. 21-34.

//

//

//

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER REVERSING THE COMMISSIONER'S DECISION AND
REMANDING THE CASE - 2

## DISCUSSION

**A.   Plaintiff's Testimony**

The ALJ discounted Plaintiff's testimony because he found Plaintiff's allegations to be inconsistent with (1) objective evidence indicating Plaintiff's back disorder is mild and does not cause disabling functional limitations; (2) objective evidence indicating Plaintiff's seizures were infrequent and linked with periods of noncompliance with medication, lack of sleep, or alcohol use; and (3) Plaintiff's failure to report any mental health complaints to treating providers during the adjudicated period.  Tr. 30.

An ALJ's reasons for discounting a claimant's testimony must be clear and convincing. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  Plaintiff argues the ALJ's reasons were erroneous because (1) the fact his back disorder was mild does not prove that he did not experience disabling pain; (2) Plaintiff experienced seizures even when he was compliant with his treatment regimen; and (3) Plaintiff should not be penalized for failing to recognize his need for mental health treatment.  These arguments are unpersuasive, for the following reasons.

First, as to Plaintiff's back condition, the ALJ did not err in considering the extent to which the objective evidence was consistent with Plaintiff's allegations of disabling pain, or in discounting Plaintiff's allegations because they were inconsistent with the imaging evidence and the opinion evidence.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995))).

Second, although Plaintiff posits he continues to experience seizures even when he is compliant with his treatment regimen (Dkt. 12 at 10-11), he does not cite any evidence to support

this assertion either in his opening brief or in his reply brief. The ALJ did not err in discounting Plaintiff's testimony regarding the functional limitations caused by his seizures given his seizures are well-controlled when he complies with treatment. *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.").

Last, the ALJ did not err in considering Plaintiff's failure to report mental health complaints to his treating providers. His failure to report mental health symptoms undermines his allegation that those symptoms were disabling. *See Greger v. Barnhart*, 464 F.3d 968, 972-73 (9th Cir. 2006) ("Because Greger did not report any fatigue to his doctors during the relevant period, the ALJ properly limited the hypothetical to the medical assumptions supported by substantial evidence in the record.").

In sum, the ALJ gave several valid reasons to discount Plaintiff's testimony and the Court therefore affirms the ALJ's determination.

**B.     Dr. Gibson's Opinion**

Dr. Gibson examined Plaintiff in November 2016, and wrote a narrative report describing Plaintiff's symptoms and limitations. Tr. 863-66. In his functional assessment, the doctor stated:

> Claimant has the clear ability to reason and understand. Claimant's immediate and remote memory are intact. Claimant's recent memory is severely impaired. Claimant is able to sustain concentration for about half an hour at a time. Claimant has limited social interaction, but is a member of his local Elk's Lodge and does attend social events there. Claimant has limited adaptive skills. Claimant has physical complaints better assessed by a medical provider.

Tr. 865-66. The ALJ gave little weight to Dr. Gibson's opinion, finding (1) his concentration limitation was based only on Plaintiff's report that he worked on projects with his son for half an hour at a time (Tr. 865), which does not pertain to Plaintiff's maximum ability to concentrate in a work setting; (2) his social limitation reflects Plaintiff's transportation difficulties, rather than a

deficit in social functioning; and (3) his adaptation limitation is unexplained and uncorroborated by other providers. Tr. 24-25.

Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). Plaintiff argues the ALJ's reasons for discounting Dr. Gibson's opinion were not specific and legitimate, because Dr. Gibson cited clinical findings to support his opinion, and because neither Plaintiff's lack of treatment nor his activities undermine Dr. Gibson's opinion. Dkt. 12 at 5.

Plaintiff's arguments fail. Dr. Gibson did not cite clinical findings to support the opinions explicitly rejected by the ALJ, namely the limitations in concentration, social functioning, and adaptation. *See* Tr. 865. Thus, the ALJ properly discounted Dr. Gibson's opinion as unsupported by clinical findings. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Likewise, Plaintiff's lack of mental health treatment supports the finding that Dr. Gibson's opinion is uncorroborated by the record, which is a legitimate reason to discount the doctor's opinion. *See* 20 C.F.R. § 404.1527(c)(4). Furthermore, the ALJ did not cite Plaintiff's activities as a reason to discount Dr. Gibson's opinion, and therefore whether his activities are consistent with the opinion is irrelevant to an assessment of the adequacy of the ALJ's reasoning. Because the ALJ provided legally sufficient reasons to discount Dr. Gibson's opinion, the ALJ's assessment of the opinion is affirmed.

//

**C.  VA disability rating**

The ALJ noted the VA had rated Plaintiff as 100% disabled due to service-connected impairments.  Tr. 31 (citing Tr. 271-76).  The ALJ discounted this disability rating because the VA uses different standards for rating claimants and addresses whether claimants can perform military work, which is not relevant to determining whether claimants are disabled under the Social Security Act.  Tr. 31-32.

An ALJ must ordinarily give "great weight" to a VA determination of disability.  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).  However, a VA rating is not conclusive.  *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2011).  "Because the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record."  *McCartey*, 298 F.3d at 1076.  Plaintiff argues that the ALJ did not provide persuasive, specific, and valid reasons to discount the VA disability rating in this case.

The Court agrees with Plaintiff, because the Ninth Circuit has repeatedly held reasoning similar to the ALJ's in this case is legally insufficient under *McCartey*.  *See, e.g.*, *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010); *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) ("Insofar as the ALJ distinguished the VA's disability rating on the general ground that the VA and SSA disability inquiries are different, her analysis fell afoul of *McCartey*."); *Underhill v. Berryhill*, 685 Fed. Appx. 522, 522 (9th Cir. Mar. 24, 2017) ("The first reason given by the ALJ – that the rating system used by the VA is not the same as the one used by the Social Security Administration – is not valid.").

Indeed, the Commissioner acknowledges that the ALJ's reasoning is "typically insufficient under *McCartey* to support rejecting a VA disability rating," but contends that this

reasoning is "relevant to the particular facts of this case, and thus appropriate." Dkt. 13 at 9. Specifically, the Commissioner posits the ALJ's decision as a whole "clear[ly]" rejected the VA's disability rating because it was based on Plaintiff's seizure disorder, which was controlled by medication. Dkt. 13 at 9. But the ALJ did not reference the VA's finding that Plaintiff's seizure disorder was controlled by medication anywhere in the decision. In rejecting the VA rating, the ALJ instead focused entirely on distinctions between the VA's inquiry and the Commissioner's regulations. Tr. 31-32. The Commissioner's defense is not tied to the text of the ALJ's decision, and thus does not provide a basis for affirming the ALJ's decision. *See Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (holding that a reviewing court cannot affirm the Commissioner "on a ground that the ALJ had not invoked in its written decision").

Furthermore, the Commissioner essentially concedes the ALJ inaccurately described the differences between VA disability and SSA disability. Dkt. 13 at 10-11. Although the Commissioner contends this error is harmless in light of the ALJ's other valid reason to discount the VA rating — namely the fact that Plaintiff's seizure disorder could be controlled by medication — that "other valid reason" was not contained in the ALJ's decision, as explained *supra*. Because the ALJ did not provide any persuasive, specific, and valid reason to discount the VA disability rating, the ALJ's decision is erroneous.

This error could be harmless. *See, e.g.*, *Underhill*, 685 Fed. Appx. at 523 (Ikuta, J., dissenting) (indicating that an error in discounting a VA disability rating should have been found harmless because it did not impact the ALJ's disability determination, "given the substantial evidence supporting the ALJ's [RFC]."). But because the ALJ also erred in discounting the lay statements, as explained *infra*, the ALJ on remand should reconsider the VA disability rating and either credit it or provide legally sufficient reasons to discount it.

### D. Lay statement

Plaintiff's wife wrote several statements regarding Plaintiff's symptoms and limitations. Tr. 374-89, 409-15. The ALJ summarized Plaintiff's wife's statements and indicated he gave them "some weight," but because she is not a medical source "she is not qualified to assess what the claimant is able to do despite his impairments." Tr. 32. An ALJ's reasons to discount a lay statement must be germane, and this reasoning does not meet that standard, as the Commissioner concedes. *See* Dkt. 13 at 10-11 (citing *Diedrich v. Berryhill*, 874 F.3d 634, 640-41 (9th Cir. 2017) ("The fact that lay testimony and third-party function reports may offer a different perspective than medical records alone is precisely why such evidence is valuable at a hearing.")).

The Commissioner argues the ALJ's error is harmless because Plaintiff's wife's statements were similar to Plaintiff's testimony, which the ALJ validly discounted. Dkt. 13 at 10-11. Some of Plaintiff's wife's comments were similar to Plaintiff's testimony, but her statements were unique in at least one respect: she described witnessing more than 200 seizures in the twelve months preceding October 2015. Tr. 374-75. Elsewhere in the decision, the ALJ cited substantial evidence showing infrequent seizures, and cited Plaintiff's daughter's statement that no one had witnessed one of his seizures in years. Tr. 30. The ALJ's reasons to discount Plaintiff's testimony thus do not entirely equally apply to Plaintiff's wife's statement, and therefore the Court cannot conclude that the ALJ's error here is harmless. On remand, the ALJ shall reconsider Plaintiff's wife's statements and either credit them or provide legally sufficient reasons to discount them.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is

**REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should reconsider the VA disability rating and Plaintiff's wife's statements, as explained herein, develop the record and reassess Plaintiff's RFC as necessary, and proceed with the remaining steps as appropriate.

DATED this 21st day of May, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge